```
              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF NEBRASKA
```

```
IN THE MATTER OF:                 )
                                  )
GENE PARKINS,                     )    CASE NO. BK04-83600
                                  )
              Debtor(s).          )       CH. 13
```

### ORDER

Hearing was held in Omaha, Nebraska, on May 5, 2005, on the debtor's objection to claim of Michelle Perez (Fil. #33) and resistances thereto (Fils. #38 and 39). Richard Register appeared for the debtor, and Michelle Perez appeared on her own behalf.

The debtor has objected to a claim filed by his former spouse concerning his obligation to reimburse her for daycare expenses. The dissolution of marriage decree requires the debtor to reimburse his former spouse for a portion of her daycare expenses. Such reimbursement is in the nature of child support. The objection is denied and the claim is allowed at the same priority level as her other child support claim.

### A.  The Claim

Ms. Perez filed a priority claim in this case for $959 of day care expenses owed by the debtor pursuant to the decree dissolving the parties' marriage. The debtor objected to the characterization of the claim as a priority claim, asserting that the debt is a general unsecured debt.

A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). The debtor then bears the burden of demonstrating to the contrary. McDaniel v. Riverside County Dept. of Child Support Servs. (In re McDaniel), 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001).

In this case, Ms. Perez filed with the court relevant portions of the decree of dissolution and the property settlement and custody agreement. Section 6 of the property settlement and custody agreement – which was incorporated in its entirety in the dissolution decree – sets forth the parties' agreement that each would pay half of the child-care expenses incurred in connection with Ms. Perez's employment. Pursuant to that agreement, Ms. Perez was to send Mr. Parkins a copy of the monthly statements or receipts for child care, and Mr. Parkins was to pay his half directly to Ms. Perez within 14 days thereafter. The bankruptcy claim arose because Mr. Parkins did not reimburse Ms. Perez for

those expenditures.

It seems reasonable to conclude from the language of the property settlement and custody agreement that the division of the child care expenses was intended to be in the nature of family support. The debtor has offered no evidence to the contrary.

### B. Other Matters

At the hearing, Ms. Perez informed the court that she had not been receiving child support, either prior to the bankruptcy case or since the petition has been filed. The debtor's plan provides for eventual payment of child support through the plan. However, it provides for a secured claim to be paid prior to the time any payment will be made on child support. As a social policy matter, that practice makes no sense. I am aware that there is a confirmed plan. However, it is my belief that either the trustee or the child support claimant should move for an order amending the plan to provide for a pro rata distribution to the child support claimant along with the secured claim.

With regard to delinquent post-petition child support, the child support collection agency is not prohibited by the automatic stay from proceeding against the debtor for post-petition delinquent child support.

It was brought to the attention of the court that the debtor has changed jobs and has different income than he had at the time the petition was filed or the plan was confirmed. The debtor is ordered to amend Schedules I and J to accurately reflect his current financial circumstances. He is also directed to make certain that the Chapter 13 trustee has the name and address of his current employer. The amendment and the information required to be delivered to the trustee shall occur no later than June 15, 2005.

### C. Conclusion

IT IS ORDERED the debtor's objection to claim of Michelle Perez (Fil. #33) is overruled.

DATED:    May 9, 2005

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        Chief Judge

Notice given by the Court to:

```
*Richard Register
Michelle Perez
Kathleen Laughlin
United States Trustee
```

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.